STATE, EX REL. LEWIS F. MEINZER, COLLECTOR OF THE TOWNSHIP OF SOUTH AMBOY, v. JOHN DISBROW, LATE COLLECTOR OF SAID TOWNSHIP.

Under Section 84 of the act "to establish a system of public instruction," it is the duty of the township collector to hold in trust all school moneys belonging to the township, or the school districts therein, whether received from the state appropriation, from township or district taxes, or from other sources, and to pay out the same on the order of the district clerk, and on the order of the township committee to pay over the balance of the school fund remaining in his hands, to his successor. *Held*—That a *mandamus* will lie to compel the payment of such balance, on the order of the township committee, such payment being a duty thrown upon the collector by the statute, as an incident to his office.

On return to a rule to show cause why a writ of *mandamus* should not go to John Disbrow, late collector of South Amboy township, commanding him to pay over to his successor in office. the relator, the sum of $2641.89, the alleged balance

of school moneys held by said Disbrow at the end of his term.

Argued at November Term, 1879, before Justices WOOD-HULL and REED.

For the relator, *W. P. Voorhees.*

For the defendant, *C. T. Cowenhoven.*

The opinion of the court was delivered by

REED, J.   The respondent was collector of the township of South Amboy, on the 9th of March, 1874.   He held the office till March 12th, 1878, when the relator was elected to the same office.   By force of Section 84 of the act to establish a system of public instruction, it was his duty, as collector, to hold in trust all school moneys belonging to the township, or the school districts therein, whether received from the state appropriation, from township or district taxes, or from other sources, and to pay out the same on the order of the district clerk,   *   *   *   and, on the order of the township committee, to pay over the balance of the school fund remaining in his hands, to his successor.

It is his duty to present his accounts to be examined and settled at the close of the year, by the township committee, a copy of which settlement, certified by the township committee, he is to send, within ten days, to the county superintendent, and another copy he is to file with the clerk of the township.

In March, 1878, after the close of his term, he met with Rathbun and Howell, two of the committee, and Martin, the township clerk, and presented his book of school accounts.

The township committee afterward signed a statement of his accounts, in which appeared a balance due from Disbrow, of $2641.89.

They charged him, in said account, with the items he had charged himself in the book, and with an additional sum of $2916.95, which he had received from Hart Moore, in 1874, and for which Moore, as county collector, held his receipt.

They credited him with such orders drawn by the clerks of the school districts, as for the payment of which he showed vouchers.

An order was drawn upon him by the township committee, dated September 18th, 1878, in favor of the relator, for the amount of the said balance, $2641.89.

This order was, on the next day, presented to Disbrow by the relator, and payment thereof demanded. He replied that he had no funds to pay it with, and did not owe.

One of his answers to this rule, through his counsel, is that, while he admits owing some money, he does not owe this amount.

If there was a fair question of dispute as to the amount, we would not undertake to settle it on this rule. But I do not think there is. He is only charged with what appears from his own book, and with an additional item, which he received beyond the possibility of a doubt. He is credited with every payment which he brought to the attention of the committee. He had the possession of the vouchers of payments. He has not offered himself as a witness, nor does any testimony on his part appear among that taken upon this rule. He has not shown or attempted to show wherein the account, as settled by the committee, is inaccurate. Besides, there is in evidence an acknowledgment signed by him, under date of December 2d, 1878, that he was then indebted to the township of South Amboy, on account of school funds, the sum of $2718.03.

He does not occupy a position here, in which he can deny that he holds the less sum of $2641.89, which he should transfer to his successor.

I think the relator is entitled to his writ. The payment of this balance, upon the order of the township committee, to the relator, was a duty thrown upon the respondent by the statute, as incident to his office, and it comes within the principle established by a line of cases that, although there may be an action at law, yet, in such instances, the remedy is not specific and adequate in the sense which precludes the use of this writ.

*Apgar* v. *School Trustees of District No. 4*, 5 *Vroom* 308 ; *State, Herder, pros.*, v. *Hunterdon*, 7 *Vroom* 363 ; *State, ex rel. Little*, v. *Union Township*, 8 *Vroom*, 84 ; *Adriance* v. *Supervisors of New York*, 12 *How. Pr. R.* 224 ; *Commonwealth* v. *Johnson*, 2 *Binn.* 275.

The relator had an interest in the sum, which entitles him to ask for this writ.     *High on Ex. Leg. Rem.*, § 434.